IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville DIVISION
CIVIL ACTION NO. 1:23-cv-00250-KDB-WCM

| | |
|---|---|
| Terry Treadway, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff Terry Treadway's appeal of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. The Court has carefully considered Plaintiff's Brief (Doc. No. 7), Defendant Commissioner's Brief (Doc. No. 10), the Memorandum and Recommendation of the Honorable Magistrate Judge W. Carleton Metcalf ("M&R") entered August 15, 2024, recommending that the Commissioner's decision be affirmed (Doc. No. 11), Plaintiff's Objections to the M&R (Doc. No. 12), and the Administrative Record ("AR") (Doc. No. 5). For the reasons discussed below, the court will **SUSTAIN** the Objection and **REMAND** this matter back to the ALJ for reconsideration of the merits and further proceedings consistent with this order.

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under a de

novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## II. STANDARD OF REVIEW

### A. Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner is limited to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Indeed, the Act specifically provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as follows:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has thus long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

B. <u>Review of the Memorandum and Recommendation</u>

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

III.   DISCUSSION

In August of 2020, Treadway filed an application for disability insurance benefits, alleging disability beginning in April 2019. AR 146-152. More specifically, she claimed that she was disabled based on her fibromyalgia and other ailments that prevented her from working. AR 12.

Upon review of the matter, the Magistrate Judge determined that there was substantial evidence in the record to support the ALJ's findings that Treadway was not disabled under the law during the relevant period and recommended affirmance of the Commissioner's decision to deny benefits. However, in doing so, the Magistrate Judge acknowledged that it was difficult to tell whether the ALJ used objective medical evidence (or the absence of such evidence) to discount Treadway's subjective symptoms of fibromyalgia.

Treadway objects to the M&R for two related reasons. First, Treadway argues that if it is unclear whether the ALJ used objective medical evidence to discount her subjective symptoms of fibromyalgia, then the matter should be remanded for the ALJ to provide clarification and further explanation. Second, she contends that the Magistrate Judge erred in his "apparent conclusion" that the ALJ may consider objective medical evidence when weighing Treadway's subjective symptoms so long as the ALJ describes other sufficient reasons for discounting those symptoms.

A. **The ALJ Decision**

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Treadway was disabled under the law during the relevant period.[1] The ALJ confirmed at step one that Treadway had not engaged in

---

[1] The five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)–(g) and 404.1520(a)–(g). The claimant has the burden of production and proof in the first four steps, but at step five, the Commissioner must prove the claimant can perform other work in the national economy despite her limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

substantial activity since April 25, 2019. AR 12. At step two, the ALJ found that Treadway had medically determinable impairments that significantly limit her ability to perform basic work activities. These severe impairments included "psoriatic arthritis, fibromyalgia, obesity, depression and anxiety (20 CFR 404.1520(c))." *Id*. At step three, the ALJ nevertheless determined that Treadway's impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). AR 13.

Before proceeding to step four, the ALJ found that Treadway retained the following residual functional capacity ("RFC"):

> . . . to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing ladders, ropes, or scaffolds and crawling; frequent handling and fingering; no overhead reaching with the left non-dominant arm; frequent climbing ramps and stairs, balancing, stooping, kneeling, and crouching; avoiding concentrated exposure to hazards; able to understand, remember, and carry out simple instructions and to maintain concentration, persistence, and pace on those types of tasks for two hour periods over the course of an eight-hour workday; can tolerate occasional interaction with the public; and is unable to meet fast paced, high production demands.

AR 15. In explaining how he determined this RFC, the ALJ reviewed Treadway's medical history and found that her determinable impairments could reasonably be expected to cause the alleged symptoms, but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." AR 17-19. Next, the ALJ evaluated a series of factors, including Treadway's daily activities, symptoms, precipitating and aggravating factors, medications and treatments, and other details concerning her functional limitations due to pain and other symptoms. *Id.* The ALJ then considered prior medical opinions and administrative medical

findings, referencing evidence from the record to assign a level of persuasive value to each finding. AR 19-20.

At step four, the ALJ found that Treadway was unable to perform her past relevant work as a certified nursing assistant and beam machine operator AR 20. Then, finally, at step five, the ALJ concluded that there were other jobs existing in significant numbers in the national economy that Treadway could perform based on her age, education, work experience, and RFC. *Id*. These jobs included price marker, toy assembler, and mail clerk. AR 21. In sum, the ALJ found that Treadway was not disabled under the Social Security Act from April 25, 2019 through the date of the decision. *Id*. Treadway timely appealed the decision.

B. **Plaintiff's Objections to the M&R**

In this Court, the governing authority for the review of a Commissioner's decision in which a claimant alleges that she is disabled because of fibromyalgia is *Arakas v. Comm'r. Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020). Treadway argues the M&R erred in its application of *Arakas* by concluding that despite a lack of clarity in whether the ALJ improperly used objective medical evidence to discount Treadway's subjective symptoms related to fibromyalgia, the ALJs decision should nonetheless be affirmed. Having reviewed the record *de novo*, the Court agrees with Treadway.

*Arakas* holds that fibromyalgia is "unique" because "normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia." *Arakas,* 983 F.3d at 97 (explaining that "normal" clinical findings are not inconsistent with the disabling effects of fibromyalgia so their presence does not indicate the level of the claimant's disability); *but see Shelby D. v. Kijakazi*, No. 3:22-cv-234, 2023 WL 6444895, at

*11 (S.D.W. Va. Sept. 29, 2023) ("However, a diagnosis of fibromyalgia or depression does not render a claimant per se disabled."). Further, it is "the long-standing law in our circuit that disability claimants are entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of their symptoms." *Arakas*, 983 F.3d at 98. Thus, "ALJs may not rely on objective *medical* evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia." *Id.* at 97 (emphasis added). Accordingly, since the *Arakas* decision, "lower courts have consistently applied *Arakas* to remand cases with insufficient analysis of subjective complaints related to fibromyalgia that meet the diagnostic criteria." *Sandra P., v. Comm'r of Social Security*, No. 2:21CV127, 2022 WL 815463, at *8 (E.D. Va. Mar. 1, 2022), *report and recommendation adopted sub nom. Sandra P. v. Kijakazi*, No. 2:21-CV-127, 2022 WL 811295 (E.D. Va. Mar. 16, 2022).

Here, as recognized in the M&R and discussed in more detail below, the ALJ often described and discussed Plaintiff's symptoms related to fibromyalgia and other conditions together and discounted the disabling effects of those symptoms based, at least in part, on the objective medical evidence. To the extent those conclusions related in any way to fibromyalgia, the ALJ failed to follow *Arakas*. Therefore, the matter must be remanded for further consideration and clarification.

Despite this uncertainty with respect to the ALJ's use of objective medical evidence to discount subjective symptoms related to fibromyalgia, the M&R suggests using in effect a "harmless error" approach in analyzing whether the ALJ's decision should be upheld based on the M&R's conclusion that the ALJ cited to substantial evidence to support his finding. The Court finds that, at least on this record, that approach runs afoul of *Arakas*.

While it is accurate to say that the ALJ didn't *explicitly* state that he was discounting Treadway's fibromyalgia symptoms because of the lack of objective medical evidence supporting them, the ALJ analyzed her fibromyalgia without distinguishing those symptoms from her other conditions and made several references noting generally a lack of evidence in the medical record to support Treadway's subjectively reported symptoms. Indeed, many of the subjective symptoms Treadway reported were in direct relation to her fibromyalgia. The ALJ stated:

- Treadway "has the following severe impairments: psoriatic arthritis, fibromyalgia…" AR 12.
- "With regard to her fibromyalgia, she reported better pain relief with muscle relaxers . . . and she has been continued on this medication with no changes." AR 19.
- "Treadway reported increased pain. No abnormal findings were noted on the exam." AR 16.
- Treadway's "active fibromyalgia symptoms were found to be her predominant symptoms, and her treatment was continued with recommendations for gentle regular exercises, stress management, healthy sleep habits, and healthy diet." AR 16.

And, with respect to his conclusions about those symptoms, the ALJ stated:

- Treadway's "*statements about the intensity, persistence, and limiting effects of her symptoms [are] not entirely consistent with the medical evidence* and other evidence in the record," despite finding that "the claimant's medically determinable impairments [including fibromyalgia] could reasonably be expected to cause the alleged symptoms." AR 18-19.
- Treadway's "statements about the intensity, persistence, and limiting effects of her symptoms are *inconsistent because [they] are not supported by the medical evidence of record*. [Treadway] has received routine and conservative treatment for her alleged impairments, and she has been prescribed medications which [has] been generally successful in controlling her symptoms." (emphasis added) AR 19.
- "In view of the foregoing, the undersigned concludes that the claimant's allegations of *disabling pain and other symptoms are not consistent with or supported by the longitudinal evidence of record*." (emphasis added) AR 19.

Thus, the Court finds that because the ALJ did not analyze fibromyalgia separately from Treadway's other conditions, and many of Treadway's subjective symptoms relate to her fibromyalgia, the ALJ's statements above discounting Treadway's subjective symptoms may also discount her fibromyalgia symptoms. This is exactly the type of analysis foreclosed by *Arakas*.

To illustrate further, Treadway, when testifying to her symptoms [from conditions including fibromyalgia] stated that she could only lift five pounds and had trouble bending to pick things up [from lower shelves at the grocery store]. AR 16, 41, 43 (stating "My balance is not good…I'm pretty stiff…"; and "When it's on the bottom shelf [at the grocery store], I can't get down and get back up."). Yet the ALJ did not appear to account for these in his RFC rating of light work, which involves lifting twenty pounds and frequent . . . stooping, kneeling, and crouching. AR 15. Again, because fibromyalgia isn't separately analyzed by the ALJ, it is unclear whether these symptoms were discounted on account of a lack of medical evidence in the record. What is clear is that they were discounted for some reason, and it may be incongruent with the guidance provided in *Arakas*, which warrants remand for, at a minimum, further consideration and clarification by the ALJ.[2]

Therefore, for the reasons discussed above, the Court **SUSTAINS** Treadway's objection to the findings and conclusions of the Magistrate Judge, and the Commissioner's decision will be **REMANDED** for evaluation of Treadway's application in accordance with this Order.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No.11), is **OVERRULED**; and

2. The matter is REMANDED to the ALJ for evaluation of Plaintiff's disability application in accordance with this Order.

Signed: September 27, 2024

Kenneth D. Bell
United States District Judge

---

[2] The Court of course does not suggest by this ruling any conclusion as to the ultimate merits of Plaintiff's application for benefits, which must in the first instance be decided by the Commissioner in accordance with this Order.