IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00250-KDB-WCM

| | |
|---|---|
| TERRY TREADWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion," Doc. 15) and a Stipulation for an Award of Attorney's Fees Under the Equal Access to Justice Act (the "Stipulation," Doc. 16).

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party (other than the United States) in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered that this case be remanded to the Social Security Administration, Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Docs. 13, 14.

1

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(A). It is within the Court's discretion to award attorney's fees above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

Here, the Motion, which was filed on December 26, 2024, sought an award of $4,801.88 in attorney's fees and stated that Plaintiff's counsel had consulted with counsel for the Commissioner concerning the attorney fees but that Defendant had not yet taken a position on the Motion and was expected to file a response indicating her position and noting what, if any, agreement was reached between the parties. Doc. 15 at ¶ 11. Plaintiff's counsel has also submitted a summary of time spent on this action. Doc. 15-1.

On January 7, 2025, defense counsel filed the Stipulation, which represents that "the parties have agreed to stipulate to an award of $4,200.00 in attorney fees under the EAJA as reasonable in this case" and that such an award would be "in full satisfaction of any and all claims for fees, costs, and other expenses made under 28 U.S.C. § 2412." Doc. 16 at 1.

After review and consideration of the Motion, the supporting documents, the Stipulation, and applicable authorities, the undersigned will allow the Motion as modified by the Stipulation.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 15) is **GRANTED IN PART** and Plaintiff is awarded attorney's fees in the amount of $4,200.00 ("Fee Award").

(2) As EAJA fees belong to the litigant and are subject to offset under the Treasury Offset Program, see Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Fee Award shall be paid by Defendant as follows:

  a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of the Fee Award.

  b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed: January 8, 2025

W. Carleton Metcalf
United States Magistrate Judge